IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON PARIS BARTHOLOMEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1084 |
| | § | |
| LAKEVIEW LOAN SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Plaintiff's Motion for Default Judgment (Doc. 11) and Defendant's Motion to Dismiss (Doc. 13). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

Plaintiff filed this action seeking to prevent foreclosure and eviction from the property, 9214 Cattail Gate Court, Humble, Texas 77396, that he inherited from his mother.[2] Plaintiff claims that he has a "land patent" to the property and therefore Defendant does not have standing to foreclose upon or evict him from the property.[3] In his complaint, Plaintiff requested that the court stop the eviction scheduled for April 11, 2017, and complained of

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 3, Ord. Dated April 10, 2017.

[2] See Doc. 1, Pl.'s Compl.

[3] See id.

the state court judge's actions related to the order evicting Plaintiff from the property.[4]

On April 10, 2017, the court denied Plaintiff's request for a temporary restraining order, finding that it was unlikely that Plaintiff would succeed on the merits.[5] The court asked Plaintiff to file a complaint demonstrating how the court has subject matter jurisdiction in this case, citing Younger v. Harris, 401 U.S. 37 (1971), District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).[6] Plaintiff subsequently filed a document alleging that Defendant's actions were depriving him "of his lawful right to the quiet and peaceful possession of his land and home secured through land patent."[7] Plaintiff subsequently filed a motion for a default judgment against Defendant and other parties not named in this action.[8] Defendant filed its motion to dismiss on August 21, 2017, contending that this action was moot and that Plaintiff had failed to state a claim.[9]

Pursuant to the federal rules, dismissal of an action is

---

[4] See id. pp. 2-4, 6-7.

[5] See Doc. 4, Ord. Dated Apr. 10, 2017.

[6] See id.

[7] See Doc. 7, Nature of Case p. 2.

[8] See Doc. 11, Pl.'s Mot. for Default J.; Doc. 12, Pl.'s Aff. in Support of Mot. for Default J.

[9] See Doc. 13, Def.'s Mot. to Dismiss.

appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375, 377 (1994); <u>see also</u> <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377; <u>Howery</u>, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. <u>John Corp. v. City of Houston</u>, 214 F.3d 573, 576 (5th Cir. 2000).

Federal courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal." <u>Lane v. Haliburton</u>, 529 F.3d 548, 565 (5th Cir. 2008)(quoting <u>Union Planters Bank Nat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004)).

The <u>Rooker-Feldman</u> doctrine holds that an individual may not file suit in federal court to collaterally attack a state civil judgment. <u>See</u> <u>Liedtke v. State Bar of Tex.</u>, 18 F.3d 315, 317 (5th Cir. 1994) (citing <u>Rooker</u>, 263 U.S. 413; <u>Feldman</u>, 460 U.S. 462). The <u>Rooker-Feldman</u> doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment such that the court is "in essence being called upon to review a state-court decision."

3

Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995).

The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Foreclosure judgments or writs of possession are state court judgments and may not be overturned by a federal court. See, e.g., Morris v. Am. Home Mortg. Servicing, Inc., 443 F. App'x 22, 24 (5th Cir. 2011)(unpublished)(citing Exxon Mobil, 544 U.S. at 284).

Here, Plaintiff's complaint, "stripped to the essentials, is an attack on the judgment of the state [court]." Liedtke, 18 F.3d at 318. Plaintiff asks the court to interfere with state court judgments related to his eviction and foreclosure on his property. Plaintiff's claims arise from the state court proceedings and are "inextricably intertwined" with the judgments reached in state court. The Rooker–Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiffs' Section 1983 claims.

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**. If this recommendation is adopted, the court recommends that Plaintiff's motion for default judgment be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of October, 2017.

_____
U.S. MAGISTRATE JUDGE